IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSE DIAZ GONZALEZ, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** <br><br> Case No. 4:18-cr-00034-DN <br><br> District Judge David Nuffer |

Defendant Jose Diaz Gonzalez filed a motion seeking compassionate release and transfer to home confinement under 18 U.S.C. § 3582 ("Motion").[1] The government opposes the Motion.[2] Because Mr. Gonzalez fails to demonstrate that his conditions and circumstances warrant compassionate release or transfer to home confinement, the Motion[3] is DENIED.

## DISCUSSION

### The Motion is procedurally proper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or herself."[4] However, to file such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

---

[1] Docket no. 46, filed Dec. 8, 2020.

[2] United States' Opposition to Defendant's Pro Se Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) ("Opposition"), docket no. 49, filed Jan. 8, 2021.

[3] Docket no. 46, filed Dec. 8, 2020.

[4] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F.Supp.3d 1185, 1187 (D. N.M. 2019)).

defendant's facility, whichever is earlier."[5] If one of these requirements is satisfied, "a court may reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction,' and that such reasons 'could not reasonably have been foreseen by the court at the time of sentencing.'"[6] In making this determination, the court must also consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable.[7]

Mr. Gonzalez is incarcerated at the Big Spring (Flightline) CI in Big Spring, Texas.[8] This is a private facility operated and managed by the GEO Group. Because Mr. Gonzalez "is not in federal custody, he is unable to apply for compassionate release through the [Bureau of Prison]'s normal administrative process."[9] Under these circumstances, Mr. Gonzalez has satisfied the First Step Act's exhaustion requirement.[10] Even if Mr. Gonzalez is considered to be in federal custody, more than 30 days have passed since he submitted his request for relief under the First Step Act to the warden on October 6, 2020[11], so the exhaustion requirement would be met that way as well.[12]

**Defendant fails to demonstrate that his circumstances warrant compassionate release**

Once the exhaustion requirement is met, a court may reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if the court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is

---

[5] 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

[6] *Williams*, 2020 WL 806026, *1 (quoting 18 U.S.C. § 3582(c)(1)(A)(i); 28 C.F.R. § 571.60).

[7] 18 U.S.C. § 3582(c)(1).

[8] Motion at 2.

[9] *United States v. Lopez*, case no. 18-cr-2846 MV, 2020 WL 2489746, *3 (D. N.M. May 14, 2020).

[10] 18 U.S.C. § 3582(c)(1)(A).

[11] Motion at 2.

[12] 18 U.S.C. § 3582(c)(1)(A).

consistent with applicable policy statements issued by the Sentencing Commission."[13] As the movant, Mr. Gonzalez bears the burden to establish that he is eligible for a sentence reduction.[14]

The phrase "extraordinary and compelling reasons" is not defined in the statute. However, the United States Sentencing Commission ("USSC") has defined the phrase "to include serious medical conditions and the age of the defendant,"[15] and circumstances where a member of the defendant's family is in need of a caregiver.[16] The USSC policy statement also provides that "extraordinary and compelling reasons" include circumstances where "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the defendant's medical conditions, age, and family circumstances.[17] The USSC policy statement is not binding for purposes of the Motion,[18] but it does provide helpful considerations for determining whether "extraordinary and compelling reasons" are present.

Mr. Gonazlez is 36 years old.[19] He does not claim to have any serious medical conditions or special family circumstances.[20] The only basis for relief stated by Mr. Gonzalez in the Motion is "thousands of federal inmates have contracted the Covid-19 virus resulting in over a hundred deaths", and "inmates who do not have a serious medical issue are also at risk or worst case scenario [sic] 'death.'"[21] The mere existence of COVID-19 in the federal prison system,

---

[13] 18 U.S.C. § 3582(c)(1)(A)(1).

[14] *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

[15] *Williams*, 2020 WL 806026, *1 (quoting *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 2422601, *2 (D. N.M. June 10, 2019)).

[16] U.S.S.G. 1B1.13 at Commentary Application Notes 1(A)-(C).

[17] *Id*. at Commentary Application Notes 1(D).

[18] *United States v. Maumau*, No, 2:08-cr-00758-TC-11, 2020 WL 806121, *4 (D. Utah Feb. 18, 2020).

[19] Presentence Investigation Report ("PSR") at 2, docket no. 37, filed under seal Dec. 27, 2019.

[20] Motion.

[21] Motion at 2.

3

however, is not an "extraordinary and compelling reason" sufficient to justify a compassionate release. COVID-19 also exists outside of the prison system. There is no reason to believe that Mr. Gonzalez's chances of contracting COVID-19 would be any less were he to be released from prison.[22]

Furthermore, the applicable factors set forth in 18 U.S.C. § 3553(a) do not support a compassionate release here. Mr. Gonzalez was convicted of one count of Possession of Methamphetamine With Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1).[23] His criminal history places him in category I.[24] His offense carries a 10-year minimum mandatory sentence.[25] Pursuant to his plea agreement, Mr. Gonzalez was sentenced to 46 months imprisonment, and 48 months of supervised release.[26]

The serious nature and circumstances of the offense, the appropriateness of the original prison sentence, and the need to protect the public from further crimes weigh heavily against granting relief to Mr. Gonzalez. Mr. Gonzalez has not demonstrated that his circumstances constitute extraordinary and compelling reasons to justify compassionate release.

**Jurisdiction is lacking over Mr. Gonzalez's request for home confinement**

Mr. Gonzalez requests that he be "transferred to home confinement."[27] However, the authority to designate the place of an inmate's incarceration rests with the Bureau of Prisons, not the sentencing court.[28] "The Bureau of Prisons is given this responsibility because the executive

---

[22] The BOP has implemented substantial measures to curb the spread of COVID-19. *See* https://www.bop.gov/coronavirus (last visited Dec. 28, 2020).

[23] Judgment in a Criminal Case ("Judgment") at 1, docket no. 43, filed Jan. 8, 2020.

[24] PSR at ¶ 44.

[25] 18 U.S.C. § 841(b).

[26] Judgment at 2-3.

[27] Motion at 2.

[28] 18 U.S.C. § 3621(b); *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010).

branch and not the judicial branch is responsible for administering sentences."[29] And "[n]otwithstanding any other provision of law, a designation of a place of incarceration [by the Bureau of Prisons] is not reviewable by any court."[30] Therefore, jurisdiction is lacking over Mr. Gonzalez's request for home confinement.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion[31] is DENIED.

Signed January 28, 2021.

BY THE COURT

_David Nuffer_
David Nuffer
United States District Judge

---

[29] *United States v. Voda*, 994 F.2d 149, 151-152 (5th Cir. 1993) (internal citations omitted).

[30] 18 U.S.C. § 3621(b).

[31] Docket no. 46, filed Dec. 8, 2020.